JUAN B. VERGARA, Petitioner and Apellant, *v.* LAS MONJAS RACING CORPORATION, Respondent and Appellee.

No. 9306.   Argued April 9, 1946.—Decided April 22, 1946.

*Diego O. Marrero* for appellant.   *Gabriel de la Haba* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Juan B. Vergara was appointed for the position of Assistant Starter of the Racing Tracks of Puerto Rico by the Insular Racing Commission. Since the Starter of the defendant corporation, appointed also by the Racing Commission but on proposal of the corporation which paid his salary,[1] failed to act as such, the appellant acted as Starter in the races held on August 15, 1945. Alleging that the defendant corporation had refused to pay him the amount of $61.18 for the services

---

[1] Section 6 of the Racing Act of Puerto Rico (Act No. 184 of 1941, p. 1386) provides in part that "the appointment for the position of starter shall be made (by the Commission) on proposal of the natural or artificial person operating the race track for which he is to be appointed, and his salary shall be fixed by the Insular Racing Commission and paid by said natural or artificial person operating the race track where said official acts." (Parenthesis ours.)

rendered, he prayed the lower court to issue a writ of mandamus ordering the corporation to make payment of said amount. The petition was denied and the present appeal has been taken from said judgment.

Section 121 of the Racing Commission Regulation, under which the position of Assistant Starter is created, provides, among other things, that it shall be his duty "to substitute the Starter in case of absence or illness." The salary of the Assistant Starter is paid by the Racing Commission and the defendant corporation does not interfere with his appointment.

There is nothing in the Racing Act or its regulations that imposes on the defendant corporation the duty to pay appellant the salary that corresponds to the Starter when acting in substitution of the latter. Appellant merely complied with one of the duties of his position, to wit, to substitute the Starter in case of absence. That substitution did not impose on the defendant corporation the duty to pay him the salary corresponding to the Starter.

The judgment appealed from should be affirmed.